Liu v. Garland

BIA
Poczter, IJ
A200 676 335

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-two.

PRESENT:
      ROBERT D. SACK,
      RAYMOND J. LOHIER, JR.,
      SUSAN L. CARNEY,
         *Circuit Judges.*

_____

QINGYAN LIU,
      *Petitioner*,

      v.                     20-1456
                                     NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Zhiyuan Qian, Esq., New York, NY

FOR RESPONDENT:      Brian M. Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Liza S. Murcia,

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qingyan Liu, a native and citizen of the People's Republic of China, seeks review of an April 23, 2020 decision of the BIA affirming a July 26, 2018 decision of an Immigration Judge ("IJ") ordering removal following reopening and termination of asylum on account of fraud. *In re Qingyan Liu*, No. A200 676 335 (B.I.A. Apr. 23, 2020), *aff'g* No. A200 676 335 (Immig. Ct. N.Y. City July 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

As the Government argues, Liu failed to exhaust before the BIA her challenges to the IJ's underlying decision to reopen her removal proceedings and terminate a prior grant of asylum. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court, *see Foster*

2

*v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007), this judicially imposed exhaustion requirement is mandatory. "To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." *Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007). "[G]eneralized protestations . . . lack the specificity required for preservation." *Id.*

Liu challenges the reopening of her removal proceedings and termination of asylum based on fraud, arguing that the preparer of her asylum application had not been convicted of immigration fraud (as some paralegals at his firm had been), the Government had not produced the fraudulent applications that contained strikingly similar language to hers, those similarities were not properly analyzed, and an immigration officer's affidavit was entitled to limited weight given that she did not testify. But Liu made only a conclusory assertion of error in her notice of appeal to the BIA and did not file a brief. Because she raised none of these specific issues on appeal to the BIA, and because the BIA did not address them in its decision, they are not exhausted. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008);

3

*Steevenez*, 476 F.3d at 117. Accordingly, we deny her petition for review for failure to exhaust. *See Steevenez*, 476 F.3d at 118.

We deny Liu's motion to supplement the record because she did not submit her affidavit to the agency, and we "decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A).

For the foregoing reasons, the petition for review and motion to supplement the record are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4